UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **OEG OFFSHORE LIMITED** | * | **CASE NO.** |
|       **Plaintiff** | * | |
| **VERSUS** | * | **SECTION " "** |
| **SIMMONDS EQUIPMENT, LLC** | * | |
|       **Defendant** | * | **MAG " "** |

\*   \*   \*   \*   \*   \*   \*

**COMPLAINT FOR RETURN OF PLAINTIFF'S PROPERTY, DAMAGES, TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION RELIEF, AND WRIT OF SEQUESTRATION**

The Complaint of OEG Offshore Limited ("OEG" or "Plaintiff"), respectfully shows:

1.

OEG is a company registered in Scotland (Registration No. SC092719) whose registered office and world headquarters is located at Cothal House, Cothal View, Pitmedden Road Industrial Estate, Dyce, Aberdeen AB21 0BA, Scotland, United Kingdom.

2.

Made defendant herein is Simmonds Equipment, LLC ("Simmonds" or "Defendant"), a Louisiana limited liability company (Charter No. 36217791 K), whose domicile and mailing

address is 158 North Tunnel Road, Belle Chasse, Louisiana 70037, which is located in Plaquemines Parish, Louisiana.

3.

Jurisdiction in this matter is founded on 28 U.S.C. §1332 as (a) the Plaintiff is a limited company registered under the laws of Scotland, United Kingdom with its principal place of business in Scotland, United Kingdom, (b) the Defendant is a limited liability company formed under the laws of Louisiana with its principal place of business in Plaquemines Parish, Louisiana, and (c) the amount in controversy, without interest and costs, exceeds the sum or value of $75,000.00.

4.

Venue is proper as the defendant is domiciled in this district, the subject matter of this action arose in this district and a substantial portion of the property is located within this district.

5.

Effective as of January 18, 2007, Simmonds and OEG's predecessor in interest, Offshore Containers Ltd. ("OCL") entered into an Agency Agreement ("Agreement").  A copy of the Agreement is attached hereto as Exhibit A.

6.

OEG acquired all of OCL's assets, including, but not limited to, OCL's interest in the Agreement, all other agreements by and between OCL and Simmonds, all equipment of OCL in the possession of Simmonds, and all amounts owed to OCL by Simmonds in accordance with the Business Transfer Agreement between OCL and OEG ("BTA 1").  BTA 1 was effective as of January 31, 2010.

7.

OEG acquired all of the assets of Containental Offshore Limited ("COL"), including, but not limited to, COL's interests in any agreements by and between COL and Simmonds, all equipment of COL in the possession of Simmonds, and all amounts owed to OCL by Simmonds in accordance with the Business Transfer Agreement between COL and OEG ("BTA 2").  BTA 2 was effective as of January 31, 2010.

8.

In accordance with the terms of the Agreement, Simmonds acts as the exclusive agent for OEG in the states of the United States bordering on the Gulf of Mexico ("Territory") for the lease or sale of certain containers and related items owned by OEG (collectively, the "Products"[1]).

9.

Pursuant to the Agreement, all leases relating to the Products were to be executed in the name of the Principal, through Simmonds as Agent.  The Agent's sole compensation for the lease of the Products was set as a thirty (30%) percent of the total rental fees received from lessees under the various leases. (See Agreement, Section 5)

10.

Additionally, under the terms of the Agreement, Agent's sole compensation under the Agreement for the sale of Products in the Territory was "… the entire amount(s) of the sales proceeds received by Agent [Simmonds], less the amount(s) specified by Principal [OEG] from time to time in the most recent price schedule provided by Principal to Agent prior to such sale." (See Agreement, Section 5).

---

[1]  Itemized lists of Products that, upon information and belief, OEG believes are in the possession of Simmonds or customers who leased Products are referred to in Paragraph 15 of this Complaint.

11.

As of the date of the filing of this Complaint, Simmonds, in its fiduciary capacity as the Agent for OEG has collected and failed to remit to OEG sums in excess of $186,400.00 due to OEG. These sums arise out of the sale and/or lease of the Products of OEG by Simmonds, in its capacity as agent for OEG. Attached hereto as Exhibit B are the invoices which remain unpaid. Until OEG is able to inspect the books and records of Simmonds it is unable to state with certainty the exact amount due by Simmonds. Upon information and belief, OEG alleges that the amount due to it by Simmonds is approximately $386,000.00.

12.

By letter dated March 23, 2010 ("March 23 Letter") OEG made demand on Simmonds for the turnover of the monies described in the preceding paragraph that are the property of OEG. A copy of the March 23 Letter is attached as Exhibit C. Despite this demand, Simmonds has refused to remit such monies to OEG.

13.

As a result of Simmonds' material breach of the Agreement, by the March 23 Letter OEG notified Simmonds in writing that Simmonds was in material breach of the Agreement and that as a result thereof, and in accordance with the terms of the Agreement, that the Agreement would terminate thirty (30) days after the date of the Simmonds receipt of the March 23 Letter. The March 23 Letter was hand delivered to Simmonds on March 23, 2010. Accordingly, the Agreement will terminate on April 22, 2010.

14.

As a result of that which has been alleged above, Simmonds has converted at least $186,400.00 of monies that is the property of OEG to Simmonds' own use.

15.

This conversion by Simmonds was a violation of its fiduciary duty to OEG.

16.

OEG has instructed Simmonds to cease and desist from the sale and/or lease of the Products, all of which constitutes the property of OEG, based on Agent's refusal to remit OEG's monies to OEG.

17.

Simmonds currently has in its possession approximately 129 items of Products that are the property of the OEG. Attached hereto as Exhibits D and E are itemizations of such Products that remain in Simmonds' possession in Belle Chasse, Louisiana and Houston, Texas, respectfully, and, upon information and belief, a notation of where such Products are located. Attached hereto as Exhibit F is an itemization of such Products that, upon information and belief, are in the possession of customers who leased such Products from OEG as a result of action by OEG's agent, Simmonds.

18.

Despite demand therefor, Simmonds has refused to assure OEG that it will cease and desist from selling, leasing or otherwise disposing of the Products without OEG's consent. Further Simmonds has stated through its representatives that it will not remit any money to OEG for any Products that it sells, leases or otherwise disposes. To protect OEG's interests and its assets, and in particular the Products, it is necessary that this Court issue an injunction to prohibit

Simmonds from disposing of, leasing or encumbering any and all property of OEG that is in Simmonds' possession, including, but not limited to, the Products, until further order of this Court.

19.

On information and belief, OEG alleges that Simmonds has been funding the operation of its business by wrongfully and fraudulently using monies that are the property of OEG, and that without such use Simmonds would not have the financial capacity to operate its business.

20.

Simmonds is presently in possession of property of OEG, including, but not limited to, the Products, and is currently collecting rents, revenues, and sales proceeds from the property of OEG, including, but not limited to, the Products, and Simmonds is continuing to convert to its own use all such rents, revenues and sales proceeds, all at Simmonds' sole discretion.

21.

OEG believes that before a hearing can be had herein, Simmonds may or will dispose or lease or encumber some or all of OEG's property, including, but not limited to, the Products, all to OEG's irreparable injury and harm. OEG seeks, therefore, and is entitled to the issuance of a temporary restraining order herein with such bond as this Court may determine to be proper, directed unto Simmonds, restraining, enjoining and prohibiting Simmonds from disposing of or leasing or encumbering any or all of the property of OEG, including, but not limited to, the Products, until further order of this Court. OEG has pled a *prima facie* case of fraud, fraudulent conversion, and breach of fiduciary duty; a substantial likelihood of success on the merits; irreparable injury in that the proceeds of the above described fraud, conversion and breach of fiduciary duty may be dissipated prior to judicial intervention; and, a balance of hardships in

their favor. Further, the temporary restraining order sought herein should issue without notice to prevent Simmonds from avoiding judicial process, or taking further steps to convert, encumber, lease or dissipate the property of OEG, including, but not limited to, the Products.

22.

In the alternative, OEG alleges that a temporary restraining order issue herein restraining, enjoining and prohibiting Simmonds from disposing of or leasing or encumbering any or all of the property of OEG, including, but not limited to, the Products, unless Simmonds deposits in an account to be approved by this Court all monies received by Simmonds as a result of the lease and/or sale of the property of OEG, provided, however, that:

A.  Simmonds be allowed to withdraw from such account the commissions to which it may be entitled to under the Agreement, all until further order of this Court; and

B.  OEG be allowed to withdraw from such account the amounts therein after the withdrawal therefrom of the commission that may be due to Simmonds.

23.

Simmonds should be ordered to show cause why a preliminary writ of injunction in the form and substance of the above temporary restraining order should not issue herein.

24.

As alleged above, property of OEG, including, but not limited to, the Products, is presently in the possession of Simmonds, and it is within Simmonds' power to conceal, dispose of, lease, remove or to destroy the property of OEG, including, but not limited to, the Products, and/or its fruits, rents and revenues during the pendency of this suit. To properly protect the rights of the OEG, a writ of sequestration should be issued herein pursuant to Louisiana Code of Civil Procedure Article 3501 et seq., and Rule 64 of the Federal Rules of Civil Procedure, herein

directing the seizure of the property of OEG, including, but not limited to, the Products, which is in the possession of Simmonds.

25.

A bond in the sum of $5,000.00 should be sufficient to cover any damages that should accrue in the event that temporary injunctive relief and sequestration herein sought should have been improvidently granted.

26.

OEG recognizes and acknowledges that Section 19 of the Agreement provides for a resolution of disputes between OEG and Simmonds by mediation and/or binding arbitration. While OEG has no intention of bypassing the dispute resolution provisions of the Agreement, neither a mediator nor an arbitrator has the right or jurisdiction to invoke the injunctive or sequestration relief sought hereunder to protect OEG's property while this matter is pending, no matter the forum. Accordingly, OEG requests that, except for the injunctive and sequestration relief sought hereunder, this Court stay the balance of this matter pending the outcome of mediation and/or arbitration.

27.

In view of Simmonds past conduct, including having previously converted property of OEG to its own use, all in violation of Simmonds' fiduciary duty as OEG's agent, there is a dire need to preserve the property of OEG, but not limited to, the Products, pending the exercise of the dispute resolution provisions of the Agreement. Without the injunctive and sequestration relief sought hereunder there is an imminent threat of harm to OEG in that OEG's property could well be concealed, disposed of, leased, removed or destroyed pending the exercise of the dispute resolution provisions of the Agreement

WHEREFORE, plaintiff OEG prays:

A.  That this Court enter a:

   (1)  Temporary restraining order directed to Simmonds restraining, enjoining and prohibiting it from disposing, leasing or encumbering any or all of OEG's property, including, but not limited to, the Products, until further order of this Court, or, in the alternative

   (2)  Temporary restraining order directed to Simmonds restraining, enjoining and prohibiting it from disposing, leasing or encumbering any or all of OEG's property, including, but not limited to, the Products, unless Simmonds deposits in an account to be approved by this Court all monies received by Simmonds as a result of the lease and/or sale of the property of OEG, provided, however, that:

   (a)  Simmonds be allowed to withdraw from such account the commissions to which it may be entitled to under the Agreement, all until further order of this Court; and

   (b)  OEG be allowed to withdraw from such account the amounts therein after the withdrawal therefrom of the commission that may be due to Simmonds;

   until further order of this Court;

B.  This Court issue an order directed to Defendant to show cause why a preliminary writ of injunction in form and substance of the above temporary restraining order should not issue herein;

C. This Court, in due course, order the issuance of a final injunction in the form and substance of the temporary restraining order;

D. Upon plaintiff furnishing security as required by law, a writ of sequestration issue, and the United States Marshal for the Eastern District of Louisiana sequester the property of OEG, including, but not limited to, the Products described on Exhibit B, in the possession of Simmonds and located at 158 North Tunnel Road, Belle Chasse, Louisiana;

E. A bond in the sum of $5,000.00 should be sufficient to cover any damages that should accrue in the event that the temporary injunctive relief and sequestration sought herein should have been improvidently granted;

F. Judgment be rendered in favor of the plaintiff, OEG, and against defendant, Simmonds:

    (1) Ordering Simmonds to turnover to OEG the property of OEG, including, but not limited to, the Products, in the possession of Simmonds; and

    (2) In an amount sufficient to compensate OEG for the damages and injuries sustained as a result of Simmonds' actions and for all costs of these proceedings, including all expert witness fees, and judicial interest on all amounts owed from the date of judicial demand until paid;

H. The Court order that, except for the injunctive and sequestration relief sought hereunder, this matter be stayed pending the outcome of mediation and/or arbitration, as required by the Agreement; and

H. Such other legal and equitable relief as this Court deems fit and proper.

          */s/ Jan M. Hayden*
          Jan M. Hayden, La. Bar No. 6672, T.A.
          Bernard M. Berins, La. Bar No. 3002
          **HELLER, DRAPER, HAYDEN,**
             **PATRICK & HORN, L.L.C.**
          650 Poydras Street, Suite 2500
          New Orleans, LA  70130-6103
          Telephone:  504.299.3300
          Facsimile: 504.299.3399
          jhayden@hellerdraper.com
          bberins@hellerdraper.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **OEG OFFSHORE LIMITED** | * | CASE NO. |
| Plaintiff | * | |
| VERSUS | * | SECTION " " |
| SIMMONDS EQUIPMENT, LLC | * | |
| Defendant | * | MAG " " |

\* \* \* \* \* \* \*

### VERIFICATION OF JOHN HEITON

CITY OF ABERDEEN, SCOTLAND

UNITED KINGDOM

John Heiton states that:

    1.    He is the Chief Executive Officer of OEG Offshore Limited ("OEG") who is the plaintiff in the matter filed in these proceedings and entitled *Complaint for Return of Plaintiff's property, Damages, Temporary Restraining Order, Preliminary and Permanent Injunction Relief, and Writ of Sequestration* ("Complaint");

    2.    In his capacity as Chief Executive Officer of OEG he is personally familiar with the business records of OEG relative to the Agency Agreement ("Agreement") between OEG, as successor in interest to Offshore Containers, Ltd., and Simmonds Equipment, LLC ("Simmonds"). A copy of the Agreement is attached as Exhibit A to the Complaint.

    3.    He is personally familiar with all of the exhibits attached to the Complaint;

4.  He is empowered to execute this Verification on behalf of OEG;

5.  He has read the Complaint and that all of the allegations of fact contained in it are true, correct and accurate **to the best of his knowledge, information and belief**;

6.  He has reviewed the exhibits attached to the Complaint and the same are true, correct and accurate.

I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 15, 2010

_____
JOHN HEITON